1                  IN THE UNITED STATES DISTRICT COURT

2                        WESTERN DISTRICT OF TEXAS

3                             EL PASO DIVISION

4

5    UNITED STATES OF AMERICA              No. EP-08-CR-01698-FM
                                               EP-08-CR-02268
6                                              EP-09-CR-01871
                                               EP-09-CR-01872
7
     v.                                    El Paso, Texas
8
     ROBERT EDWARD JONES                    July 2, 2009
9

10

11                            PLEA OF GUILTY

12              BEFORE THE HONORABLE FRANK MONTALVO

13                   UNITED STATES DISTRICT JUDGE

14

15   APPEARANCES:

16   For the Government:   William F. Lewis, Jr.
                           Steven R. Spitzer
17                         Debra P. Kanof
                           Assistant United States Attorney
18                         700 East San Antonio, Suite 200
                           El Paso, Texas 79901
19

20   For the Defendant:    Joe A. Spencer, Jr.
                           Attorney at Law
21                         1009 Montana Ave.
                           El Paso, Texas 79902
22

23

24      Proceedings recorded by stenotype.  Transcript produced by

25   computer-aided transcription.

11:13  1                THE CLERK:  EP-08-CR-1698, U.S.A. v. Robert Edward

2      Jones; EP-08-CR-2268, U.S.A. v. Robert Edward Jones;

3      EP-09-CR-1871, U.S.A. v. Robert Edward Jones; and

4      EP-09-CR-1872, U.S.A. v. Robert Edward Jones.

5                MR. LEWIS:  Good morning, Your Honor.  Bill Lewis on

6      behalf of the United States, along with Debra Kanof and Steve

7      Spitzer, ready in all matters.

8                THE COURT:  Good morning.

9                MR. SPENCER:  Good morning, Your Honor.  Joe Spencer

10     on behalf of Robert Jones, and we are ready to proceed,

11     Your Honor.

12               THE COURT:  Good morning.

13               Mr. Jones, do you understand the purpose of this

14     hearing today?

15               THE DEFENDANT:  Yes, sir.

16               THE COURT:  Adriana, place Mr. Jones under oath,

17     please.

18               THE CLERK:  Please raise your right hand.

19               (Defendant sworn.)

20               THE COURT:  Mr. Jones, what is your full name?

21               THE DEFENDANT:  Robert Edward Jones.

22               THE COURT:  Is there a "Jr." attached to your name?

23               THE DEFENDANT:  Yeah -- no, sir, not to mine.

24               THE COURT:  There isn't, okay.  Mr. Spencer --

25               MR. SPENCER:  Yes, Your Honor.

11:14  1          THE COURT:  -- have you had enough time to talk to

2    Mr. Jones about the totality of the cases that the government

3    is pursuing against him?

4          MR. SPENCER:  On countless occasions, Your Honor.

5          THE COURT:  Okay.  And based on the discussions you

6    had with him, is there any kind of doubt in your mind about his

7    mental capacity to plead guilty?

8          MR. SPENCER:  After numerous conversations with him, I

9    have no reservations or doubt in my mind about his capacity,

10   Your Honor.

11         THE COURT:  Do you believe he has both a factual as

12   well as a rational capacity to discuss the case with you?

13         MR. SPENCER:  That is my belief, Your Honor.

14         THE COURT:  Mr. Lewis, Ms. Kanof, Mr. Spitzer, are

15   there any suggestions in either the government's files or your

16   own interactions with Mr. Jones that there are any issues with

17   his mental capacity?

18         MR. LEWIS:  Your Honor, as for the government, no, the

19   government has no issues concerning Mr. Jones' mental capacity.

20         THE COURT:  Very well.  Mr. Jones, are you suffering

21   from any kind of illness, any kind of condition that, as you

22   stand here today, may affect your ability to understand what we

23   are doing here today?

24         THE DEFENDANT:  No, sir, Your Honor.

25         THE COURT:  Are you suffering from any kind of

11:16  1    emotional difficulties, anxiety, depression, anything like that

2    that may affect your ability to understand what we are doing

3    here today?

4              THE DEFENDANT:  No, sir.

5              THE COURT:  I am sure you are nervous, and you should

6    be.

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Because with all the wheeling and dealing

9    you have done with your life, you have never been in a

10    situation like this.  I can assure you of that.

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  I have a lot of questions to ask you and a

13    lot of things to say to you.  And I need to make sure that you

14    understand everything that we go through.

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  If at any point in time I say something to

17    you or ask you a question you don't understand, let me know,

18    and I will be happy to explain it or clarify it to you myself.

19    Or if you would rather speak to Mr. Spencer in private, let me

20    know, and I will let you have whatever time you need to speak

21    to Mr. Spencer.

22             At all times during this hearing, keep one thing in

23    mind:  You are under oath.  So every time you speak to me, you

24    need to make sure that everything you are telling me is the

25    truth.  Do you understand me?

11:17   1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  I am going to ask the lawyers for the

3    government now to go over the allegations that are the subject

4    of the plea agreement that you, your lawyer, and the government

5    are entering into.  And they are going to go over the penalties

6    you face by pleading guilty to those allegations.  These are

7    the statutory penalties, okay, not the penalties in the plea

8    agreement.  We are going to deal with those later, okay?

9          THE DEFENDANT:  Yes.

10          THE COURT:  But these are the statutory penalties.

11          A term they are going to use as they describe the

12    penalties is "supervised release."  What "supervised release"

13    is, is a period of time following a sentence of incarceration

14    during which you have to comply with certain rules and

15    conditions, and your failure to do that will in all likelihood

16    put you back in prison.  Do you understand that?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  Very well.  Mr. Lewis.

19          MR. LEWIS:  Thank you, Your Honor.

20          THE COURT:  Proceed.

21          MR. LEWIS:  May I proceed, Your Honor?

22          THE COURT:  Yes, sir.

23          MR. LEWIS:  Thank you.

24          Mr. Jones, you are here today to enter pleas of guilty

25    arising out of two indictments that have been returned by a

11:19  1    grand jury against you, as well as two felony informations.

2    Let me go over the counts that you are pleading guilty to, as

3    they pertain to the ones in the indictments.

4            First, in Cause Number EP-08-CR-1698, you are here to

5    plead guilty pursuant to a plea agreement to count one.  And

6    count one provides as follows:  That beginning on or about

7    June 1 of 2003, and continuing through and including on or

8    about June 13 of 2006, in the Western District of Texas and

9    elsewhere, you, the defendant, Robert Edward Jones, knowingly

10   and willfully conspired and agreed together with other persons,

11   both known and unknown to the grand jury, to commit the

12   following offense against the United States; that is, being an

13   agent of an organization, NCED, conspired to knowingly

14   embezzle, steal, obtain by fraud and otherwise without

15   authority knowingly convert to the use of a person other than

16   the rightful owner $5,000 or more in funds belonging to and in

17   the care, custody of NCED, a not-for-profit organization, that

18   received in each year alleged herein in excess of $10,000 under

19   a federal program JWOD, J-W-O-D, involving a grant, contract,

20   subsidy, loan, guarantee, insurance, and other form of federal

21   assistance, in violation of Title 18, United States Code,

22   Section 666(a)(1)(A).

23           Mr. Jones, do you understand the nature of the charges

24   as they are set out in count one of this indictment?

25           THE DEFENDANT:  Yes, sir.

7

11:21   1           MR. LEWIS:  You need to understand, Mr. Jones, that if

     2   you continue with your plea today to this count, you face a

     3   possible imprisonment of up to five years, a fine of up to

     4   $250,000, three years of supervised release, and a $100 special

     5   assessment.

     6           Mr. Jones, do you understand the full range of

     7   punishment by continuing with your plea to this count?

     8           THE DEFENDANT:  Yes, sir.

     9           MR. LEWIS:  You are also here today pursuant to the

    10   plea agreement to enter a plea to count ten of this same

    11   indictment.  And count ten provides as follows:  That beginning

    12   on or about September 7 of 2005 and continuing through and

    13   including on or about February 1 of 2006, in the Western

    14   District of Texas and elsewhere, you, the defendant, Robert

    15   Edward Jones and Patrick Woods knowingly conspired and agreed

    16   together and with each other and with other persons both known

    17   and unknown to the grand jury to commit the following offenses

    18   against the United States; that is, being an agent of NCED,

    19   conspired to knowingly embezzle, steal, obtain by fraud, and

    20   otherwise without authority knowingly convert to the use of

    21   other persons not the rightful owner $5,000 or more in funds

    22   belonging to and in the care, custody, and control of NCED, a

    23   not-for-profit organization, which in the years 2005 and 2006

    24   alleged herein, received in excess of $10,000 under a federal

    25   program, JWOD, J-W-O-D, involving a grant, contract, subsidy

8

11:22  1    loan, guarantee, insurance and other form of federal

2    assistance; to wit:  You, the defendant, Robert Edward Jones,

3    and Patrick Woods, both agents of NCED, and without authority

4    from the board of directors of NCED, engaged in financial

5    transactions in the following amounts, all of which benefited

6    the defendants and others:

7         One, approximately $1,609,511.56 [sic] of NCED funds

8    issued in the form of an official check from Chase Bank, which

9    money was applied toward NCED's purchased property known as

10   Stoneridge property;

11        Second, approximately $19,627.97 of NCED funds issued

12   in the form of an official check from Chase Bank, which money

13   was applied towards NCED's purchased property known as the West

14   Ten property;

15        And third, approximately $625,000 in the form of two

16   certificates of deposit owned by NCED pledged as collateral for

17   a loan on the West Ten property;

18        which embezzlements and misapplication of funds were

19   in the approximate aggregate amount of $1,714,139.53, all in

20   violation of Title 18, United States Code, Sections 371 and

21   666(a)(1)(A).

22        Mr. Jones, do you understand the nature of the charge

23   as it is set out in count ten?

24        THE DEFENDANT:  Yes, sir.

25        MR. LEWIS:  Mr. Jones, if you continue with your plea

11:23  1   today, you should understand that the maximum period of

2   confinement you face is incarceration of up to five years in

3   the Bureau of Prisons, a fine of up to $250,000, three years of

4   supervised release, and a $100 assessment.

5        Mr. Jones, do you understand the range of punishment

6   if you plead guilty to this count today?

7        THE DEFENDANT:  Yes, sir.

8        MR. LEWIS:  Also, in this indictment you are here

9   pursuant to the plea agreement to enter a plea to count 14.

10  Count 14 provides as follows, that beginning on or about

11  November 22 of 2002 and continuing through and including on or

12  about March 6 of 2006, in the Western District of Texas and

13  elsewhere, you, the defendant, Robert Edward Jones and Ernesto

14  Alonso Lopez:

15       One, knowingly and willfully conspired and agreed

16  together and with each other and with others persons both known

17  and unknown to the grand jury to commit the following offenses

18  against the United States; that is, in a matter within the

19  jurisdiction of the executive branch of the government of the

20  United States, the Committee for Purchase from People who are

21  Blind or Severely Disabled, to knowingly and willfully falsify,

22  conceal, and cover up by any trick, scheme, and device a

23  material fact; to make a materially false, fictitious, and

24  fraudulent statement and representation; and to make and use a

25  false writing and document knowing the same to contain a

11:25  1    materially false, fictitious, fraudulent statement and entry,

2    in violation of Title 18, United States Code, Section 1001.

3         And second, that you knowingly and willfully conspired

4    and agreed together with each other and with other persons both

5    known and unknown to the grand jury to defraud the

6    United States and any agency thereof in any manner and for any

7    purpose, all in violation of Title 18, United States Code,

8    Section 371.

9         Mr. Jones, do you understand the nature of the charges

10   set out in count 14?

11        THE DEFENDANT:  Yes, sir.

12        MR. LEWIS:  Mr. Jones, if you continue with your plea

13   today to this count, you should understand that the maximum

14   period of confinement you face is up to five years confinement

15   in the Bureau of Prisons, a fine not to exceed $250,000, three

16   years of supervised release, and a $100 assessment.

17        Do you understand the punishment range you face by

18   pleading guilty to this count?

19        THE DEFENDANT:  Yes, sir.

20        MR. LEWIS:  Additionally, Mr. Jones, pursuant to a

21   plea agreement, you are here today as well to enter a plea to a

22   felony information, that is, in Cause Number EP-09-CR-1872.

23   And that count reads as follows:  That on or about October 17,

24   2004, in the Western District of Texas and elsewhere, you, the

25   defendant, Robert Edward Jones, did willfully aid and assist in

11:26   1   and procure, counsel, and advise the preparation and

2   presentation to the Internal Revenue Service of a U.S.

3   Individual Income Tax Return for Estates and Trusts, Form 1041,

4   for the Jones Family Trust for the calendar year 2003.  And the

5   return was false and fraudulent as to a material matter, in

6   that the Form 1041 contained a false statement and

7   representation as to the business income received and failed to

8   include an additional $1 million in income the Jones Family

9   Trust received in the year 2003, and whereas the defendant,

10   Robert Edward Jones, then and there knew that the Form 1041

11   failed to include this additional $1 million, all in violation

12   of Title 26, United States Code, Section 7206(2).

13        Mr. Jones, do you understand the nature of this charge

14   as it is set out in the felony information?

15        THE DEFENDANT:  Yes, sir.

16        MR. LEWIS:  Mr. Jones, you should understand that by

17   pleading guilty to this count, you face confinement in the

18   Bureau of Prisons for a period of time not to exceed three

19   years, a fine not to exceed $100,000, three years of supervised

20   release, and a $100 assessment.

21        Do you understand the full range of punishment you

22   face by entering a plea of guilty to this count?

23        THE DEFENDANT:  Yes, sir.

24        THE COURT:  Mr. Lewis, don't go away.  Let's take care

25   of something here.

11:27  1           MR. LEWIS:  Yes, sir.

       2           THE COURT:  Mr. Jones, the charge, as was pointed out

       3      to you in that information, is a felony charge.  By pleading

       4      guilty to the information, you are giving up the right you have

       5      to have a grand jury consider the evidence the government has

       6      against you and have a grand jury determine if the government

       7      has probable cause to charge you with that.

       8           Has that been explained to you by your lawyer?

       9           THE DEFENDANT:  Yes, sir.

      10           THE COURT:  Are you willing to proceed with the plea

      11      of guilty to the information and give up your right to a grand

      12      jury indictment?

      13           THE DEFENDANT:  Yes, Your Honor.

      14           THE COURT:  That being the case, I need you and your

      15      lawyer and the government to sign the waiver of grand jury

      16      indictment.

      17           MR. SPENCER:  We are signing the waiver as to both

      18      informations, Your Honor.

      19           THE COURT:  Very well.  Very well.  I still need to

      20      question him on the second one.  So we will take care of it

      21      when the time comes.

      22           Let the record reflect that the waiver about the

      23      information in Case Number 09-CR-1872 has been duly executed.

      24           MR. LEWIS:  Yes, Your Honor, it has.

      25           THE COURT:  Thank you, Mr. Lewis.

11:29   1         Mr. Spitzer.

      2         MR. SPITZER:  Thank you, Your Honor.

      3         Mr. Jones, under the same plea agreement as it relates

      4  to Cause Number EP-08-CR-2268, you have agreed to plead guilty

      5  to count two of what is a five-count indictment.  Count two

      6  charges you with false statements to obtain credit and reads as

      7  follows:  Beginning on or about February 19, 2003, and

      8  continuing through and including on or about September 3, 2003,

      9  in the Western District of Texas and elsewhere, you, the

    10  defendant, Robert Edward Jones, knowingly made and caused to be

    11  made a material false statement to National City Mortgage, a

    12  wholly owned subsidiary of National City Bank of Indiana, a

    13  financial institution the accounts of which were insured by the

    14  Federal Deposit Insurance Corporation, on an application for

    15  credit, a loan, and a commitment, release, acceptance and

    16  substitution of security for a loan, for the purpose of

    17  influencing the action of a financial institution; that is, the

    18  defendant, Robert Edward Jones, stated and caused to be stated

    19  in a Uniform Loan Application submitted to National City

    20  Mortgage that, among other things, you had no judgments against

    21  yourself, when in truth and in fact you did have judgments

    22  against yourself and you knew that you had judgments against

    23  yourself, in violation of Title 18, United States Code,

    24  Section 1014.

    25         Mr. Jones, do you understand what you are pleading

11:30  1    guilty to under count two of this particular indictment?

2          THE DEFENDANT:  Yes, sir.

3          MR. SPITZER:  Mr. Jones, do you understand that the

4    sentence you face after pleading guilty to this count is up to

5    30 years in prison, up to a $250,000 fine, a $100 special

6    assessment, and up to five years of supervised release?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Ms. Kanof.

9          MS. KANOF:  Thank you, Your Honor.

10         This is also an information, Your Honor.  And we have

11   the executed waiver -- signed waiver.

12         THE COURT:  Well, we need to first do the admonition

13   about the charges and the penalties, and then we will take care

14   of the waiver of rights.

15         MS. KANOF:  I will.

16         If I may, Your Honor, before doing the admonition

17   concerning the charges, I have an oral motion that is a joint

18   motion with Mr. Spencer to amend a mistake that Mr. Spencer

19   caught in the information on page 2, where it alleges that he

20   conspired with at least 24 known conspirators.  And I certainly

21   don't have very good mathematical skills, because there are 19

22   alleged, not 24.  So we would like to amend that jointly to 19

23   instead of 24, orally.

24         MR. SPENCER:  That is my agreement, Your Honor.

25         THE COURT:  Very well.  Yeah, the information will

11:32  1    stand amended.

2          You may proceed, ma'am.

3          MS. KANOF:  Thank you.

4          Good morning, Mr. Jones.  By information you are

5    charged by the Acting United States Attorney in one count.  The

6    count alleges a violation of Title 18, United States Code,

7    Section 1349, with the object being Sections 1341, 1343, and

8    1346, specifically that is a conspiracy.  1349 is a conspiracy

9    to commit fraud.  And the objects of the conspiracy that are

10   alleged are wire fraud, mail fraud, and the deprivation of

11   right to honest services.

12         I am not going to read the entire information because

13   it is lengthy.  I will -- and I know you have read it with your

14   counsel.  I will summarize for you that, basically, you are

15   being charged in a one-count indictment with conspiring and

16   agreeing with at least 19 other known co-conspirators that are

17   not charged in this information, some elected officials, some

18   not elected officials, to accomplish five objectives.

19         Of the five objectives:  Objective number one, it is

20   alleged in the information that you conspired to encourage

21   through monetary gifts and bribes elected officials at the

22   El Paso County Commissioners Court so that they would influence

23   that -- so that you could influence their vote on a contract

24   for Access Healthsource.

25         Object number two is the same allegation, but with

11:33  1   other co-conspirators at the El Paso Independent School
       2   District, with board members, again, to influence their vote
       3   for a contract for Access Healthsource and the Access
       4   subsidiaries.
       5          And the third object of the conspiracy was, again, the
       6   same, but at the Ysleta Independent School District, where you
       7   conspired with others to provide cash money, campaign
       8   contributions, and other gratuities in exchange for their
       9   support, influence and vote for a contract.
      10          And count four is -- I'm sorry, the fourth objective
      11   is also at the Ysleta Independent School District, but for
      12   another contract, not the Access contract.
      13          And count -- and the fifth objective is the same
      14   allegation, and that is conspiring with individuals to provide
      15   cash money, campaign contributions, and other gratuities in
      16   exchange for the support and influence of elected officials in
      17   the Socorro Independent School District Board of Trustees.
      18          Do you understand what you have been charged with?
      19          THE DEFENDANT:  Yes, ma'am.
      20          MS. KANOF:  I am going to detail to you what the
      21   maximum penalty you could receive under the statute, and that
      22   is 20 years in the custody of the Attorney General of the
      23   United States and up to a $250,000 fine, or a combination of
      24   both, and in addition to that, three years of supervised
      25   release.  You also must pay a $100 special assessment to the

11:35  1   Crime Victims Fund for pleading guilty to one count.

2             Do you have any questions?

3             THE DEFENDANT:  No, ma'am.

4             MS. KANOF:  Thank you, Your Honor.

5             THE COURT:  Do you understand the penalties you face

6   by pleading guilty to that information, Mr. Jones?

7             THE DEFENDANT:  Yes, Your Honor.

8             THE COURT:  Mr. Jones, I realize you already signed a

9   waiver about this, but I need to make sure you understand this:

10  Do you understand that by pleading guilty to an information,

11  you are giving up the right you have to have a grand jury

12  consider the evidence the government has and make a

13  determination whether the government has probable cause to

14  charge you with the charge contained in that information?

15            THE DEFENDANT:  Yes, Your Honor, I understand.

16            THE COURT:  Have you had an opportunity to discuss

17  that with your lawyer?

18            THE DEFENDANT:  Yes, sir, I have.

19            THE COURT:  Very well.  And is it with that

20  understanding that you agree to waive your right to a grand

21  jury indictment?

22            THE DEFENDANT:  Yes, Your Honor.

23            THE COURT:  Very well.  Mr. Jones, are you here today

24  to plead guilty voluntarily?

25            THE DEFENDANT:  Yes, Your Honor.

11:35  1            THE COURT:  Anyone forced you, threatened you, or

2      coerced you in any manner into pleading guilty today?

3            THE DEFENDANT:  No, Your Honor.

4            THE COURT:  You are pleading guilty pursuant to a plea

5      agreement with the government in both of the informations and

6      the indicted cases.  The plea agreement includes everything.

7            I know you have had ample opportunity to discuss it

8      with your lawyer, but I need to hear it from you.  Have you

9      been able to discuss in detail with your lawyer the terms and

10     conditions of that plea agreement?

11           THE DEFENDANT:  Yes, Your Honor.

12           THE COURT:  Did you make sure you understood the terms

13     and conditions of that plea agreement before you set your

14     signature to it?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  Was anything offered to you by your lawyer

17     or any one of the government lawyers or agents involved in this

18     investigation to induce you to plead guilty that is not written

19     down on the plea agreement document you signed?

20           THE DEFENDANT:  No, Your Honor.

21           THE COURT:  Okay.  Your plea agreement has a cap on

22     the maximum penalty in your case, that cap being 120 months.

23     Is that your understanding of that?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  Do you understand that any decision about

11:37  1    what sentence you will face is strictly my decision?

2                THE DEFENDANT:  Yes, Your Honor.

3                THE COURT:  Do you understand that it is not your

4    lawyer's decision, it is not the government's decision, and it

5    is not a bargaining process either?  I am the one that gets to

6    make that call.  Do you understand that?

7                THE DEFENDANT:  Yes, Your Honor.

8                THE COURT:  Fair enough.  Do you understand that under

9    the law you are presumed to be innocent and it is the

10   government's responsibility to prove the allegations the

11   government is making against you and the government must do

12   that by presenting evidence of those allegations beyond a

13   reasonable doubt?  Do you understand that?

14               THE DEFENDANT:  Yes, Your Honor.

15               THE COURT:  Do you understand that by pleading guilty

16   today you are giving up the right you have to have a trial in

17   front of a jury?  By giving up the right you have to have a

18   trial in front of a jury, you are giving up the right you have

19   to have your lawyer question the witnesses the government has

20   against you.  You are giving up the right you have to have your

21   lawyer challenge the evidence the government has against you.

22   You are giving up the right you have to compel the attendance

23   of witnesses to testify on your behalf.  And you are giving up

24   forever the right to present any kind of evidence on your

25   behalf or to put any kind of defense you think you have -- you

11:39 1    think you may have to those allegations.  Is that clear to you,

2    that you are giving up all those rights?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  Is it clear to you, also, that by pleading

5    guilty today, you are giving up the right you have to remain

6    silent?

7              Now, let me explain that to you.  If you go to trial

8    in any or all of those cases, you don't have to testify on your

9    own behalf.  And no one can hold against you that you don't

10   testify.  Now, by pleading guilty today, you are giving up the

11   right you have to remain silent because you have to admit to

12   the allegations the government is making against you, and you

13   have to admit to the facts that support those allegations.

14             Is that clear to you?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Do you understand that by pleading guilty

17   today pursuant to a plea agreement, you are giving up the right

18   you have to appeal your case?  Save and except for two very

19   limited situations, you cannot appeal your case.

20             The first one of those is if the government engaged in

21   illegal conduct in bringing the case against you.  And the

22   second one of those is if you received ineffective assistance

23   of counsel.  Other than that, you have no rights of appeal in

24   this case.  Do you understand that?

25             THE DEFENDANT:  Yes, Your Honor.

11:40   1          THE COURT:  So, for example, let's say that when

2      everything is said and done, I sentence you to 90 months in

3      custody, you can't turn to Mr. Spencer and say, "That's too

4      much."  Well, that's not a right to appeal.  The fact that you

5      don't like the sentence doesn't give you the right to withdraw

6      your plea of guilty.  Do you understand that?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Okay.  Now, let me explain to you the

9      sentencing process here now.  Before I sentence you, I am going

10     to have a presentence report prepared in your case.  Okay?  You

11     are going to have a chance to go over that presentence report

12     with your lawyer, and your lawyer will have the opportunity to

13     file any objections he deems appropriate.  And I will take

14     those up before you are sentenced, okay?

15         So I am going to consider the presentence report.  I

16     am going to consider the terms and conditions of the plea

17     agreement and your compliance with the terms and conditions of

18     the plea agreement.  I am going to consider any information

19     about you that your lawyer brings to my attention, and I am

20     going to consider any motions from the government about your

21     compliance with the terms and conditions of the plea agreement.

22     And I will listen carefully to anything your lawyer has to say

23     on your behalf, the government has to say on your behalf, and

24     you personally have to say on your behalf.  After that, I am

25     going to make a decision about your sentence.  Is that clear to

11:42  1    you?

2               THE DEFENDANT:  Yes, sir.

3               THE COURT:  Mr. Jones, I am going out of my way to

4    make sure this is clear to you, but not any more than I do with

5    any other defendant that comes in this court.  In fact, my

6    staff will tell you that on quite a few occasions I will speak

7    in Spanish directly to defendants that come here through an

8    interpreter because it is important to me that they understand

9    what this is all about.  It is important to me that you

10   understand what this is about.

11              Are we communicating?

12              THE DEFENDANT:  Yes, sir.

13              THE COURT:  Fair enough.

14              Mr. Jones, I have gone over the rights that you have

15   that you are giving up by pleading guilty.  I am satisfied you

16   understand the allegations the government is making against

17   you.  I am satisfied you understand the penalties you face, I

18   am satisfied you understand the terms and conditions of the

19   plea agreement, and I am satisfied that you are here

20   voluntarily.

21              Now, with that in mind, this is what I need to know:

22   Do you want to plead guilty in your case -- in your cases,

23   excuse me -- yes or no?

24              THE DEFENDANT:  Yes, sir.

25              THE COURT:  Mr. Lewis, let's deal with the factual

11:43  1    basis as to your part of the case.

2             MR. LEWIS:  Your Honor, as I'm sure the Court is aware

3    and has reviewed the plea agreement, the factual basis in these

4    cases, as they pertain to the counts Mr. Jones is here today to

5    plead guilty to, are quite lengthy.  I have discussed with

6    defense counsel, Mr. Spencer, about the factual basis.  And the

7    defendant has agreed to waive reading of the factual basis as

8    pertains to counts -- to the counts he is pleading guilty to,

9    in count -- in Cause Numbers EP-08-CR-1698, EP-08-CR-2268, and

10   EP-09-CR-1872.

11            I have previously marked as Exhibit 39 the factual

12   basis that is attached to the plea agreement as it pertains to

13   the counts that defendant is pleading guilty to under those

14   cause numbers, and I will tender that now to defense counsel

15   and defendant to review.  And I would like to offer

16   Government's Exhibit 39 into evidence as the factual basis to

17   support the plea by the defendant.

18            MR. SPENCER:  Your Honor, after having had an

19   opportunity to examine Exhibit 39, we have no objections.

20            MR. LEWIS:  The government would also point out,

21   Your Honor, to the Court that the defendant has both reviewed

22   and made changes to this factual basis as it is filed with the

23   plea agreement.  And he has done so through defense counsel.

24   And by signing the plea agreement and signature that his -- the

25   defendant's signature, which is on the plea agreement, is an

11:45  1    acknowledgment that he also agrees with the factual basis as it

2    is attached to the plea agreement.

3              And also, Your Honor, in furtherance of the factual

4    basis, which has been marked and offered as Exhibit 39, the

5    government would also tender Government's Exhibits 1 through

6    38, which are referenced in that factual basis as in support of

7    the evidence to which the government is offering to support the

8    plea of guilty.  So the government also offers Government's

9    Exhibits 1 through 38 at this time.

10             THE COURT:  Mr. Spencer.

11             MR. SPENCER:  Your Honor, after previously having had

12   an opportunity to examine Exhibits 1 through 38, we have no

13   objections.

14             THE COURT:  Okay.  Mr. Jones, have you been able to go

15   over in detail the factual basis attached to the plea agreement

16   that you signed with the government?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  And under oath, are you telling me that

19   the information contained therein is true?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Mr. Jones, to the allegations the

22   government is making against you, in Case Number 08-CR-1698,

23   08-CR-2268, and 08-CR-1872, how do you plead, guilty or not

24   guilty?

25             THE DEFENDANT:  Guilty, Your Honor.

11:47   1          THE COURT:  Ms. Kanof, let me hear about 09-CR-1871,

2      ma'am.

3          MS. KANOF:  Your Honor, I would like the record to

4      reflect that although Mr. Spencer is sole counsel of record in

5      the court, that Mr. Jones was also assisted by another attorney

6      named Chad Muller of San Antonio, Texas, who is an extremely

7      highly respected expert in tax matters and has been advising

8      Mr. Jones on business matters and criminal matters.  He is a

9      very well known criminal defense attorney -- white collar

10     criminal defense attorney in San Antonio as well.  The

11     documents were also reviewed by Mr. Muller and discussed with

12     his client.  Mr. Muller knowing Mr. Jones for a lengthy period

13     of time assisted, I think, the defendant and also the

14     government in furthering this agreement.

15         The factual basis in EP-09-CR-1871 is also lengthy,

16     Your Honor.  It's 26 pages long.  And my understanding is that

17     the defendant has waived a reading of it.  I am going to show

18     him what I have marked as Government's Exhibit Number 40, which

19     is the 26-page factual basis that is attached to the plea

20     agreement.  And if he and his counsel agree that that is, in

21     fact, the factual basis that was agreed to, ask that it be

22     admitted into evidence.

23         MR. SPENCER:  Your Honor, after previously having had

24     ample opportunity to examine Government's Exhibit 40, we have

25     no objections.

11:48  1                MS. KANOF:  I would also like, Your Honor, to move to

2      seal both Government's Exhibit 40 and Government's Exhibit 39

3      because they are part of the sealed plea agreement and not

4      sealing them would be in violation of *United States v. Briggs*

5      and *In Re Smith*.

6                THE COURT:  Correct.  Any objection to that?

7                MR. SPENCER:  No objection, Your Honor.

8                THE COURT:  Very well.  Before I get -- Ms. Kanof,

9      before I get to that --

10            Mr. Jones, have you carefully reviewed the factual

11     basis that has been marked as Government's Exhibit 40?

12               THE DEFENDANT:  Yes, Your Honor.

13               THE COURT:  Can you tell me here under oath today that

14     the information contained in that exhibit is true?

15               THE DEFENDANT:  Yes, Your Honor.

16               THE COURT:  Mr. Jones, to the allegations the

17     government is making against you in 09-CR-1871, how do you

18     plead, guilty or not guilty?

19               THE DEFENDANT:  Guilty, Your Honor.

20               THE COURT:  On the government's motion, Exhibit 39 and

21     40 are sealed and will not be made part of the public record in

22     this case.  There being no motion to seal Exhibits 1 through

23     38, those will be made part of the public record in the case.

24               MR. LEWIS:  That was -- well, Your Honor, I was going

25     to ask the Court, considering that the Exhibits 1 through 38

11:49  1    are referenced in Government's 39, which the Court has just

       2    sealed, then those documents being referenced should also be

       3    sealed.  And the government would make a motion at this time

       4    that Government's Exhibits 1 through 38 be sealed as well.

       5            THE COURT:  The same basis, *U.S. v. Briggs* and *U.S. v.*

       6    *Smith*?

       7            MR. LEWIS:  Yes, Your Honor.

       8            THE COURT:  Very well.  We will do that then.

       9            Mr. Jones, I find that you are pleading guilty freely

      10    and voluntarily, I find that you understand the allegations the

      11    government is making against you and the penalties you face by

      12    pleading guilty to those allegations.  I find that you

      13    understand your rights, that you knowingly waive your rights,

      14    that you are competent to enter your plea of guilty, and that

      15    there is a factual basis for your plea of guilty.  And I am

      16    accepting your plea of guilty at this time.

      17            Now, housekeeping matter, I know that he has been on

      18    bond on the other cases.  And, obviously, the bond issue hasn't

      19    been resolved on the -- I mean, not resolved, excuse me -- has

      20    to be addressed, the bond issue on the information.  And I am

      21    referring this matter to the magistrate so that the one bond in

      22    place can cover all of the cases.

      23            And Mr. Jones, I need to tell you that the conditions

      24    of the bond are the same.  So we are going to let the

      25    magistrate handle that.

11:51  1          Let's see, is there anything else that we need to take

2      up?

3              MR. LEWIS:  Not by the government, Your Honor.

4              THE COURT:  I have a small housekeeping matter that I

5      need to take up with the lawyers, but it will take about two

6      minutes, if you could see me in chambers.

7              Other than that, we stand adjourned.  Thank you.

8                          *  *  *  *  *  *

9              I certify that the foregoing is a correct transcript

10     from the record of proceedings in the above-entitled matter.  I

11     further certify that the transcript fees and format comply with

12     those prescribed by the Court and the Judicial Conference of

13     the United States.

14

15     Signature: _/s/Nalene Benavides_____  Date:  September 23, 2009
                    Nalene Benavides, RMR, CRR

16

17

18

19

20

21

22

23

24

25